# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| MARVIN L. MEADE,<br>    *Plaintiff,* | CASE NO. 6:15-cv-00042 |
| v. | MEMORANDUM OPINION |
| TURMAN GROUP TYE RIVER, LLC.,<br>    *Defendant.* | JUDGE NORMAN K. MOON |

Plaintiff Marvin L. Meade filed this action against Defendant Turman Group Tye River, LLC ("Turman"). Meade alleges that Turman, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), discriminated against him based on race when Turman fired him from his employment as a loader operator.[1]

The matter is before the Court upon Defendant's motion for summary judgment.[2] Because material issues of fact are still in dispute concerning (1) who started the alleged altercation that resulted in Plaintiff's dismissal; (2) whether Turman's nondiscriminatory

---

[1] While Meade does not clarify whether he is proceeding under Title VII or Section 1981, it appears he is proceeding under Title VII due to the "Notice of Right to Sue" issued by the EEOC. Dkt. 2-1. Furthermore, courts apply the same legal framework to both. *See, e.g.*, *Clement v. Satterfiled*, 927 F. Supp. 2d 297, 305 (W.D. Va. 2013) (citing *Gairola v. Virginia Dept. of Gen. Serv.*, 753 F.2d 1281, 1285 (4th Cir. 1985) and *Middlebrooks v. Univ. of Maryland*, No. 97–2473, 1999 WL 7860, at *4 (4th Cir. Jan. 11, 1999) (per curiam)) ("In analyzing claims under § 1981, courts employ the familiar Title VII proof standards."); *see also Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 133 n.7 (4th Cir. 2002) (recognizing that the elements of a discrimination claim are the same under both Title VII and § 1981). In addition, the "Notice of Right to Sue" also suggests that Meade could sue under the Age Discrimination in Employment Act ("ADEA"). The ADEA requires, as a *prima facie* showing, that the Plaintiff's position for which he was terminated "remained open or was filled by similarly qualified applicants outside the protected class." *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004). Nowhere in the record has Meade suggested who filled his position or whether it remains open. Therefore, to the extent that Meade is preceding under the ADEA, he has failed to show a *prima facie* case and therefore, this claim would not survive.

[2] Originally, Defendant's motion was for a dismissal or in the alternative summary judgment. Dkt. 6. On January 7, 2016, I entered an order giving notice that the motion would be deemed a summary judgment motion and subsequently referred the case to Magistrate Judge Robert Ballou to facilitate discovery. Dkt. 8 & 11. Judge Ballou gave the parties until March 17, 2016, to file any supplemental materials to be considered in this motion after discovery occurred. Dkt. 13. The parties both submitted supplemental information. Dkts. 16 & 17.

justification is legitimate; and (3) whether such justification is just a pretext for racial discrimination, I will deny Defendant's motion.[3]

## I. FACTUAL BACKGROUND

Plaintiff alleges that he was "fired because of color discrimination and age discrimination." Compl. p. 4. This termination arose out of an altercation between Plaintiff and Brandon Graves. While its origins are disputed, Plaintiff alleges that Graves "became very agitated and charged at [him]." *Id.* Plaintiff then grabbed Graves and defended himself, but insists that he "never hit him."[4] *Id.*

After this altercation, Barry Largen, Turman's manager and an eyewitness to this altercation, terminated the Plaintiff, but did not terminate Graves. Subsequently, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and alleged that he was "discharged because of his race, Black and age, 53." Dkt. 7-1. The EEOC later issued its Notice of Determination, terminating its processing of the Charge, which resulted in the Plaintiff timely filing the instant action.

---

[3] I will dispose of this motion without a hearing. W.D. Va. L. Civ. R. 11(b); Fed. R. Civ. P. 78(b).

[4] While the Plaintiff has not filed an affidavit or deposition testimony, he has filed a complaint (dkt. 2) and response motion (dkt. 10). In both of these documents, Plaintiff suggests that he did not start the altercation and that he was fired for defending himself. These documents were both filed under Fed. R. Civ. P. 11, which requires that any document submitted to the Court have factual allegations that are supported through evidence. In this case, the evidence would be Meade's own testimony. Due to the leniency afforded to a *pro se* litigant, *see e.g., United States v. Coleman,* 64 F.3d 660 (4th Cir. 1995), and the fact that these documents were submitted directly to the Court, I will consider them as evidence supporting the Plaintiff's factual argument of the events that occurred rather than mechanically apply the technical requirements of submitting an affidavit or deposition. *See also Martin v. Cox,* 35 F.3d 1093, at *1 (4th Cir. 1994) ("Pro se complaints are held to less stringent standards than those drafted by attorneys); *Russell v. Oliver,* 552 F.2d 115, 116 (4th Cir. 1977) ("grant of summary judgment on the pleadings was error because there clearly was a substantial issue of material fact raised by the pro se complaint"). However, I will not consider the "additional evidence" of the named person that claims he is willing to tell what he witnessed (dkt. 16) because it provides no support or facts concerning the altercation or subsequent termination. The Plaintiff, however, will be able to use the individual at trial as a witness.

## II. STANDARD OF REVIEW

Summary judgment is warranted if the Court concludes that no genuine issue of material fact exists for trial and that the moving party is entitled to judgment as a matter of law, based on the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits. *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To demonstrate that a genuine issue of material fact exists, a party may not rest upon his own mere allegations or denials. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Rather, the party must "proffer[] sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

## III. TITLE VII LEGAL STANDARD

Meade alleges that Turman, in violation of Title VII, discriminated against him based on his race when Turman fired him due to an altercation he did not start.

"Title VII prohibits an employer from 'discriminat[ing] against any individual with respect to [his] compensation, terms, conditions, or privileges of employment, because of such individual's' . . . [race]". *Gerner v. Cnty. of Chesterfield, Virginia*, 674 F.3d 264, 266 (2012) (citing 42 U.S.C. § 2000e-2(a)).

A plaintiff can prove racial discrimination through either direct evidence or through the burden-shifting scheme articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Direct evidence of discrimination is "evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment

decision." *Washington v. Kroger Ltd. P'ship I*, No. 3:11–cv–00074, 2012 WL 6026138, at *3 (W.D. Va. Dec. 4, 2012) (citing *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 520 (4th Cir. 2006)).

If a plaintiff lacks direct evidence of discrimination, he must rely on the framework articulated in *McDonnell Douglas*.[5] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, the aggrieved party must first establish a *prima facie* case of discrimination. *See Texas Dept. of Cnty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981). "Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the [adverse employment action].'" *Id*. at 253 (quoting *McDonnell Douglas*, 411 U.S. at 802). Third and finally, if the defendant carries this burden, "the plaintiff must then . . . prove by a preponderance of the evidence that the legitimate reasons offered by the defendant . . . were a pretext for discrimination." *Id.* (citing *McDonnell Douglas*, 411 U.S. at 804).

To establish a *prima facie* case of discriminatory termination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he was terminated; and (4) other employees not members of the protected class were retained under apparently similar circumstances. *See Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004) (citing *Bryant*, 288 F.3d at 133 n.7 and *Karpel v. Inova Health Sys. Serv.*, 134 F.3d 1222, 1228 (4th Cir. 1998)) (articulating Section 1981 *prima facie* case); *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190–91 (4th Cir. 2010) (articulating Title VII *prima facie* case, which is identical).

"[T]he Court's task is not 'to decide whether the reason [for the adverse employment decision] was wise, fair, or even correct, ultimately, so long as it truly was the reason for [the

---

[5] Meade has adduced no direct evidence of discrimination so therefore he must attempted to prove his case using the *McDonnell Douglas* framework.

decision].'" *Mercer v. Arc of Price Georges Cty., Inc.*, 532 Fed. Appx. 392, 399 (4th Cir. 2013) (quoting *Laing v. Fed. Express Corp.*, 703 F.3d 713, 723–24 (4th Cir. 2013)). Moreover, courts should remember that, despite the intricacies of the burden-shifting framework, the ultimate question in every discrimination case is "whether the plaintiff was the victim of intentional discrimination." *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 295 (4th Cir. 2010).

## IV. DISCUSSION

Meade asserts that Turman discriminatorily terminated him in violation of Title VII. To establish a *prima facie* case of discriminatory termination, Meade must show that: (1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he was terminated; and (4) other employees not members of the protected class were retained under apparently similar circumstances. *See Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004) (citing *Bryant*, 288 F.3d at 133 n.7 and *Karpel v. Inova Health Sys. Serv.*, 134 F.3d 1222, 1228 (4th Cir. 1998)). In this case, there is a material dispute of fact as to whether Meade or Graves initiated the altercation. *Compare* Compl. pg. 4 and Dkt. 10 *with* Dkt. 17-1, 17-2, 17-3, and 17-4. Therefore, the determination of whether Meade's "job performance was satisfactory" and "other employees not members of the protected class were retained under apparently similar circumstances" are issues for the jury to decide.[6] *See Honor*, 383 F.3d at 188; *see also Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

Viewing the facts most favorable to the Plaintiff and determining that Meade has made a *prima facie* showing, I must now turn to the Defendant's "legitimate, non-discriminatory" justification for the termination. Once again, a reasonable jury could differ on this issue. Turman suggests that Mr. Largen terminated the Plaintiff due to his involvement in the

---

[6] From the evidence presented in the motion, I can only assume that Graves was retained after this altercation. Compl. p. 5.

- 5 -

altercation after witnessing the altercation and reviewing the video footage.[7]  Largen Decl. (12/24/15) at ¶¶10–11 and (2/17/16) at ¶3.  However, a reasonable jury could accept Meade's factual views of the altercation and determine that Mr. Largen's assessment is not accurate or honest as he could be lying about the altercation that he witnessed.  *See e.g., Gibson v. Fluor Daniel Servs. Corp.,* 281 Fed. App'x 177, 179 (4th Cir. 2008) ("[a]n employer who fires an employee under the mistaken but *honest impression* that the employee violated a work rule is not liable for discriminatory conduct") (emphasis added).  This dispute of fact is further exacerbated from the destruction of the video footage featuring the altercation.  *See supra* footnote 7.

In addition to jury questions on the first two issues of the *McDonnell Douglas* framework, the third issue also raises a sufficient jury issue as to whether "the legitimate reasons offered by the defendant . . . were a pretext for discrimination." *Burdine*, 450 U.S. at 253 (citing *McDonnell Douglas*, 411 U.S. at 804).  Once again, the jury could find Meade's factual summary to be correct and determine that Turman and Mr. Largen's "explanation is unworthy of credence" or was a result of intentional racial discrimination.  *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004).

Therefore, the "the evidence is such that a reasonable jury could return a verdict for" Meade, the nonmoving party, which makes summary judgment inappropriate.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## V.  CONCLUSION

For the aforementioned reasons, Defendant's motion for summary judgment is denied.  An appropriate order will accompany this memorandum opinion.

---

[7] Critically, Truman apparently did not put a litigation hold on the video footage of the altercation, as it was subsequently destroyed. Dkt. 17-1. The inability to view the video also produces the dispute of material fact. Furthermore, the destruction of significant evidence could result in an "adverse inference against" Turman at trial if deemed to have been willful.  *See Vodusek v. Bayliner Marine Corp.,* 71 F.3d 148, 155 (4th Cir. 1995).

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this \_\_\_5th\_\_\_ day of April, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

- 7 -

Case 6:15-cv-00042-NKM-RSB   Document 18   Filed 04/05/16   Page 7 of 7   Pageid#: 105