IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| MARVIN L. MEADE,<br><br>                          *Plaintiff,*<br><br>v.<br><br>TURMAN GROUP TYE RIVER LLC ,<br><br>                         *Defendant.* | CASE NO. 6:15-CV-00042<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

Marvin L. Meade ("Plaintiff"), acting *pro se*, filed this case on November 20, 2015, pursuant to the Equal Employment Opportunity Act, 42 U.S.C. Chapter 21, Subchapter VI, alleging that Turman Group Tye River LLC ("Defendant") fired him because he is African American. Compl. at 4. Defendant filed an initial motion for sanctions on July 5, 2016 on the basis that Plaintiff had failed to meaningfully participate in discovery. (Dkt. 33). Magistrate Judge Robert S. Ballou ruled on that motion on August 22, 2016, granting leniency and ordering Plaintiff to respond to interrogatories and requests for production of documents on or before September 6, 2016. (Dkt. 37). Defendant then filed this renewed motion for sanctions seeking dismissal on the grounds that Plaintiff has failed to comply with Judge Ballou's discovery order. (Dkt. 38). Plaintiff failed to respond to this motion in writing, but Defendant requested a hearing, and both parties were heard on October 5, 2016. (Dkt. 41, 43). Because Plaintiff has repeatedly violated orders from the Court to participate discovery and has failed to demonstrate sufficient cause for such violations, I will grant Plaintiff's motion for sanctions and dismiss the case with prejudice.

1

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 37(b) permits the Court to impose sanctions for a failure to "obey an order to provide or permit discovery." *See* Fed. R. Civ. P. 37(b)(2)(A). More specifically, Rule 37(b) authorizes the Court to preclude evidence or dismiss the case with prejudice where a party has failed to comply with discovery orders.[1] Fed. R. Civ. P. 37(b)(2)(A). Courts are given broad discretion to select an appropriate sanction under Rule 37(b) for a party's failure to comply with discovery orders. *Rabb v. Amatex Corp.*, 769 F.2d 996, 999 (4th Cir. 1985).

The Supreme Court has held that sanctions may be used to "penalize those whose conduct may be deemed to warrant such a sanction," but sanctions can also be used "to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The Fourth Circuit has made clear that district courts "must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

The Fourth Circuit has established four factors that a district court must consider in determining whether dismissal is appropriate under Rule 37(b): "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998).

## II. ANALYSIS

Plaintiff has acted in bad faith, which satisfies the first *Anderson* factor. In the Fourth Circuit, bad faith includes willful conduct, where the plaintiff "clearly should have understood

---

[1] The Court notes that dismissal also may have been appropriate under Rule 41(b), s*ee Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978), but Defendant did not raise such a claim in its motion.

his duty to the court," but nonetheless "deliberately disregarded" it. *Rabb*, 736 F.2d at 1000. Plaintiff has been repeatedly told about required discovery disclosures and has failed to respond, even asserting that he "had not and did not want to respond" to such requests. (Dkt. 33 at 2). The Court proceeds with caution before finding that a *pro se* litigant acted in bad faith. However, Plaintiff here failed to cooperate despite Judge Ballou explaining Plaintiff's duty to participate in discovery. *Id.* at 4. Plaintiff's actions demonstrate bad faith sufficient to satisfy the first *Anderson* factor.

Second, Plaintiff's failure to cooperate in discovery has severely impaired Defendant's ability to prepare for trial. Dismissal is justified where a plaintiff's "repeated refusals to comply with [the defendant's] legitimate discovery requests, despite court orders to the contrary. . . [are] prejudicial to the [defendant] . . . because it could not defend against claims, facts, and witnesses that [the plaintiff] refused to provide . . . ." *United States v. One Tract of Real Prop.*, No. 95-1282, 1997 WL 71719, at *3 (4th Cir. 1997). Plaintiff's only discovery participation has been giving a deposition and providing tax returns. *Id.* at 5. Plaintiff has failed to respond to interrogatories or provide a list of people with knowledge of the facts alleged in the complaint. *Id.* Such noncompliance has considerably prejudiced Defendant's ability to prepare a defense at trial, which is now only one week away.

Third, the need to deter such behavior is compelling in this case. Although Plaintiff is *pro se*, he has disregarded and defied orders of this Court. He has been given exceptional leniency by Judge Ballou; both the Court and Defendant have been exceedingly patient with him. (Dkt. 37). Judge Ballou even warned Plaintiff after the first motion for sanctions that continued noncompliance may result in dismissal. (Dkt. 33 at 4). Granting dismissal in this case demonstrates that although *pro se* litigants are given leniency, they cannot flaunt the Court's orders to participate in discovery.

Fourth and finally, lesser sanctions would not be appropriate or effective in this case. Judge Ballou already granted a lesser sanction to Plaintiff when the first motion for sanctions was filed. Plaintiff was given an additional chance to comply with the discovery orders. (Dkt. 37). Plaintiff failed to take advantage of that leniency, so there is no reason to believe that granting leniency a second time would produce a different result. As stated above, trial is currently only one week away, and Defendant has received no discovery from Plaintiff besides a deposition and a few tax returns. The only reasonable alternative to dismissal with prejudice would have been to severely curtail the evidence that Plaintiff is permitted to admit at trial to that which he has provided to Defendant. (Dkt. 42). Considering how little discovery has taken place in this case, such a ruling would likely make the trial a hollow endeavor. For that reason, dismissal with prejudice is the only meaningful sanction available at this time.

### III. CONCLUSION

Having satisfied all four *Anderson* factors, Defendant is entitled to dismissal with prejudice as a sanction for Plaintiff's repeated failure to comply with Defendant's discovery requests and the Court's discovery orders.

Entered this __5th__ day of October, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE